**PAN AMERICAN PRINTS by ALFRED VERCOE, Appellant**

v.

**MOSEGI, Police Officer, Appellee**

No. 10-1957

High Court of American Samoa

Civil Jurisdiction, Appellate Division

August 8, 1957

OPINION

Heard at Fagatogo July 26, 1957 before MORROW, *Chief Justice*, and APE and LETULIGASENOA, *Associate Judges.*

Alfred Vercoe for Appellant.

Aumoeualogo for Appellee.

MORROW, *Chief Justice*

This is an appeal from a final decision of the District Court for the First District in which the court rendered judgment for the defendant on the second count of appellant's petition which count charged appellee with an assault and battery upon the person of Alfred Vercoe. The plaintiff in the case below was Pan American Prints by Alfred Vercoe. The petition contained in addition to the count for assault and battery a count for goods sold and delivered by the appellant to the appellee. Pan American Prints is the name under which Alfred Vercoe carries on business as a photographer. We shall consider Alfred Vercoe as the plaintiff below and as the appellant. The District Court rendered judgment for the plaintiff on the first count.

The notice of appeal does not make it clear whether the appeal is from the final decision on both counts or only the second count. However, at the argument on the appeal the

appellant advised the Court that the appeal was from the judgment on the second count only and we shall so treat it.

The statute (Amendments, Nos. 11–59, Sec. 10, subsec. 213, of 3 December 1952) provides that "The Appellate Division of the High Court on appeal . . . shall have power to affirm, modify, set aside, or reverse the judgment or order appealed from . . . and to remand the case with such directions for a new trial or entry of judgment as may be just. The findings of fact of the Trial and Probate Divisions of the High Court in cases tried by them shall not be set aside by the Appellate Division of that Court unless clearly erroneous, but in the case of appeals from the district courts the Appellate Division of the High Court may review the facts as well as the law. . . ."

This being an appeal from a district court, we may review the facts as well as the law.

We have reviewed the evidence before the trial court on the second count. While it is conflicting, we are nevertheless of the opinion, considering the evidence as a whole, that the decision of the trial court was contrary to the weight of the evidence and that a new trial limited to the second count should be granted. No useful purpose would be served in setting out the evidence.

However, we will say that in our opinion the evidence indicates rather clearly that Mosegi had been drinking at the time the alleged assault took place. Under these circumstances we do not think his testimony in his own behalf was entitled to the weight it would have been entitled to if he had not been drinking. There was evidence that he was drunk.

The judgment of the trial court on the second count is reversed with instructions to grant the appellant Vercoe a new trial on that count.